IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HOSPICE OF NEW MEXICO, LLC, ) <br> a New Mexico Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KATHLEEN SEBELIUS, Secretary of ) <br> the United States Department of ) <br> Health and Human Services, ) <br> ) <br> Defendant. ) | No. CIV 09-00145 RB-LFG |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff Hospice of New Mexico's Rule 59(e) Motion to Alter Judgment. (Doc. 39.) Having considered the arguments for and against, the Court hereby denies Plaintiff's motion.

**I.      Background**

The Court filed a Memorandum Opinion and Order (Doc. 34) in this action on March 5, 2010 denying in part and granting in part Defendant's Motion for Summary Judgment (Doc. 13) and granting Plaintiff's Motion for Summary Judgment (Doc. 15). The Court's Memorandum Opinion and Order discussed at length what relief the Court believed it could provide to Plaintiff without exceeding its limited role in this case of determining the validity of the contested regulation. *See Hospice of New Mexico v. Sebelius*, 691 F. Supp. 2d 1275, 1294 (D.N.M. 2010) ("Court was only asked by the PRRB to review the validity of the regulation."). Having found the regulation invalid, in a Final Judgment and Order of Remand (Doc. 38), the Court enjoined the Secretary of Health and Human Services (HHS) from collecting additional monies from Plaintiff Hospice of New Mexico (Hospice) and ordered HHS to recalculate Hospice's statutory reimbursement caps for fiscal

years 2006 and 2007 "in good faith and in a timely manner," and to return with interest from the date of the judgment any monies "overpaid" to HHS.

On May 11, 2010, Hospice filed a Rule 59(e) Motion to Alter Judgment (Doc. 39), requesting that the Court alter is Final Judgment and Order of Remand. While Hospice's Motion to Alter Judgment was pending before the Court, HHS filed a Notice of Appeal (Doc. 40) on June 11, 2010. HHS then filed a Response to Hospice's Motion to Alter Judgment (Doc. 43) on June 17, 2010. The Tenth Circuit entered an Order of Abatement (Doc. 48) on June 25, 2010, abating the appeal pending notification that the district court has entered an order disposing of the Rule 59(e) Motion to Alter Judgment. Hospice filed a Reply in Support of Motion to Alter Judgment (Doc. 49) on June 29, 2010.

In its Motion to Alter Judgment, Hospice requests that the Court modify its April 13, 2010 Final Judgement and Order of Remand (Doc. 38) by deleting the final phrase of paragraph five ("and return with interest from the date of this judgment any monies overpaid by Hospice of New Mexico") and substituting it with the following language:

> With respect to monies already collected by HHS on the prior fiscal year 2006 and 2007 cap demands, HHS shall either return all such money to Hospice of New Mexico, with interest, or shall credit such monies, with interest, to new demands calculated in accord with this judgment.

The primary difference between the judgment entered by the Court and the judgment proposed by Hospice is whether HHS must return or pay interest on the entire amount paid to HHS by Hospice under the unlawful regulation, or whether HHS may retain and pay interest only on that part of the monies overpaid to HHS once the reimbursement cap is recalculated. Hospice argues that because the regulation and repayment demands were found unlawful and set aside, all monies collected by HHS rightfully belong to Hospice; therefore, HHS should return the monies or pay interest on them.

**II.     Analysis**

HHS argues that Hospice's Motion to Alter Judgment pursuant to Rule 59(e) is not warranted because it fails to meet any of the three requirements for granting reconsideration: "[1] an intervening change in the controlling law, [2] the availability of new evidence, or [3] the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Additionally, HHS argues that in a Rule 59(e) motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Indeed, in its Motion to Alter Judgment, Hospice largely reiterated the arguments it raised in its Notice of Lodging of Proposed Judgment (Doc. 35) following the filing of the Court's Memorandum and Opinion on March 5, 2010. Hospice argues, however, that it would be clear error and manifestly unjust, as well as a violation of its due process rights, to allow HHS to keep any of the monies collected pursuant to its unlawful repayment demands; therefore, Hospice asserts its Motion to Alter Judgment is warranted. Consequently, the Court will consider whether its Final Judgment was clear error or likely to result in manifest injustice to Hospice.

Hospice requested that this Court review the validity of 42 C.F.R. § 418.309(b)(1) pursuant to 42 U.S.C. § 1395oo(f)(1), which allows for judicial review of "a question of law or regulations relevant to the matters in controversy." Under 42 U.S.C. § 1395oo(f)(2), when a "provider seeks judicial review pursuant to paragraph (1), the *amount in controversy* shall be subject to annual interest . . . , to be awarded by the reviewing court in favor of the prevailing party." (emphasis added). The "amount in controversy" includes only Hospice's alleged damages—that portion of the monies that were overpaid by Hospice—not all the monies paid to HHS pursuant to the repayment demand made under the invalid regulation.

At the moment, the amount in controversy remains uncertain, and it will not be determined until Hospice's statutory caps for 2006 and 2007 are recalculated. After this calculation is performed by HHS, Hospice may be entitled to a return of all the monies paid, a portion of the monies paid, or none of the monies paid. At that point, the amount in controversy will be certain, and HHS will be required to pay interest on any monies overpaid by Hospice to HHS. As interest continues to accumulate, it is clearly in HHS' pecuniary interest to recalculate Hospice's statutory caps for 2006 and 2007 as soon as possible. Additionally, the Court has ordered HHS to act "in good faith and in a timely manner." Accordingly, contrary to Hospice's assertion that there is little "incentive for HHS to conform its conduct to the mandate of law," the Court believes there is substantial incentive for HHS to comply with the Court's Final Judgment and Order of Remand.

Hospice next argues that the Medicare Act and its implementing regulations provide for a return of the principal to Hospice, or at least that HHS be required to pay interest on all monies. First, Hospice argues that under 42 C.F.R. § 405.378(j)(4), a return of all monies or payment of interest is appropriate. This regulation, however, only applies to certain overpayments as listed in 42 C.F.R. § 405.379, and the Court does not believe this regulation applies to the situation at hand. Furthermore, the statutory requirements of 42 U.S.C. § 1395oo(f)(2) would override a contrary regulation.

Hospice also argues that under 42 U.S.C. § 1395l(j) of the Medicare Act, any alleged overpayment of Medicare benefits to Hospice may not be recouped until there is a final determination of overpayment, and since there has not yet been a final determination, HHS must return all the monies to Hospice or pay interest on them. In the Court's opinion, however, section 1395l(j) refers to a final "administrative" determination of benefits, not a final judicial or appellate determination. In other words, section 1395l(j) requires the payment of interest on any excess or

4

deficit not refunded to HHS or paid to the service provider within thirty days of HHS having made a final administrative determination of benefits. For instance, when HHS determines that it has overpaid a hospice service provider and makes a demand for repayment, under section 1395l(j), the provider has thirty days to return the funds to HHS before interest begins to accrue.

Hospice is correct that HHS should not obtain the benefit of monies to which it is not legally entitled; however, the Court's Final Judgment mandates this by requiring HHS to pay interest on that part of the 2006 and 2007 repayment demands in excess of what HHS is legally entitled. Accordingly, HHS will not benefit from these monies. The Court believes this position is supported by the Medicare Act, which generally provides for a paying of interest on only that portion of monies (the excess or deficit) that is determined to have been paid or collected in error. *See* 42 U.S.C. §§ 1395g(d), 1395l(j). The Court did not find any statute, however, requiring a return of, or the paying of interest on, the principal. Accordingly, when a dispute arises between a medical service provider and HHS, it appears that Congress intended for the prevailing party to recover interest only on the monies to which it is ultimately entitled.

Finally, Hospice argues that a return of all monies or the payment of interest until a recalculation of its statutory reimbursement caps for 2006 and 2007 is supported by the due process clause of the United States Constitution. The Court does not agree.

> In assessing what process is due in this case, substantial weight must be given to the good-faith judgments of the individuals charged by Congress with the administration of social welfare programs that the procedures they have provided assure fair consideration of the entitlement claims of individuals. This is especially so where, as here, the prescribed procedures not only provide the claimant with an effective process for asserting his claim prior to any administrative action, but also assure a right to an evidentiary hearing, as well as subsequent judicial review, before the denial of his claim becomes final.

*Mathews v. Eldridge*, 424 U.S. 319, (1976) (internal citation omitted). Hospice has not argued that

it was denied adequate procedural due process prior to the initial determination of its reimbursement caps or through this Court's subsequent review of the regulations by which these caps were determined. Rather, its argument appears to be that a final determination of a provider's reimbursement cap must be made before HHS can collect any monies. This was not the Supreme Court's conclusion in *Mathews*, where the Court determined that, provided there was an adequate administrative decision-making process prior to the initial benefits determination, it was not necessary that the beneficiary receive a full evidentiary hearing based on the judicial model, and certainly not necessary to await a final decision following appeal before an agency implements its benefits determination. *See id*. 332–50. Consequently, this Court concludes that Hospice was provided adequate due process, and it is not entitled to a return of, or the payment of interest on, the monies prior to HHS' recalculation of its statutory reimbursement caps for 2006 and 2007.

### III.   Conclusion

Plaintiff Hospice of New Mexico filed a Rule 59(e) Motion to Alter Judgment (Doc. 39), requesting that the Court modify its Final Judgment and Order of Remand (Doc. 38) to provide for a return of all monies previously-collected, or alternatively to provide for the payment of interest on all monies. The Court considered whether its Final Judgment was clear error or likely to result in manifest injustice to Hospice. First, the Court found that there is substantial incentive for HHS to comply with the Court's Final Judgment. Next, the Court concluded that when a dispute arises between a medical service provider and HHS with regard to the provider's benefits under Medicare, the prevailing party is entitled to recover interest only on the monies to which it is ultimately entitled. Finally, the Court concluded that Hospice has been provided adequate due process under *Mathews*, and it is not entitled to a return of the monies, as there were adequate administrative decision-making procedures during the initial determination of benefits. Accordingly, the Court

concludes that its Final Judgment was not clear error and is not likely to result in a manifest injustice to Hospice.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff Hospice of New Mexico's Motion to Alter Judgment (Doc. 39) is **DENIED**.

                                                                              _____
                                                                              **ROBERT BRACK**
                                                                              **U.S. DISTRICT COURT JUDGE**